UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POLICY SCOUT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-01377-SEP |
| ) | |
| DANIEL HUMAN, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM & ORDER

Before the Court is Plaintiff Policy Scout, LLC's Motion to Remand. Doc. [8]. For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff, an insurance broker, filed a petition in the Third Judicial District Court of Salt Lake County, State of Utah, on October 11, 2023, against Defendant, Daniel Human, seeking a declaratory judgment that it did not violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, by calling Defendant after he represented to Plaintiff that he was interested in certain insurance products and wished to be contacted by a broker. *See* Doc. [1-3].

On October 30, 2023, Defendant removed the Utah state action to this Court, invoking federal question jurisdiction. *See* Doc. [1]. On November 8, 2023, Plaintiff filed the instant motion to remand the case to Utah state court, asserting that Defendant removed this case to the wrong federal district court. Doc. [8] at 2. Plaintiff also asserts that it is entitled to attorneys' fees because there was no reasonable basis for removal. Doc. [8] at 4-5.

### STANDARD

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A defendant may remove to federal court any state-court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears that the court lacks subject matter

1

jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

### DISCUSSION

I. **Standards and Procedures of Removal Jurisdiction**

The removal statute, 28 U.S.C. § 1441, provides, in relevant part:

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending.*

28 U.S.C. § 1441(a) (emphasis added).

As noted above, § 1441(a) expressly provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The District of Utah is the district embracing Salt Lake County, Utah, the place where this case was pending prior to removal. *See Polizzi v. Cowles Magazines,* 345 U.S. 663, 665 (1953) ("The Southern District of Florida is the district embracing Dade County, the place where this action was pending."); *Kerbo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 536 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the state court] action [was] pending.'") (quoting 28 U.S.C. § 1441(a)).

In his opposition to Plaintiff's motion to remand, Defendant makes no argument addressing the locational requirement in the removal statute. Instead, he characterizes Plaintiff's motion as frivolous and argues that remand must be denied because venue here is proper and because Defendant had been planning to file suit against Plaintiff in this district. *See* Doc. [17] at 3. Defendant does not cite to any authority that would permit the Court to ignore the plain text of the statute for any reason he articulates. Thus, the Court has no recourse but to find Defendant's removal of this case from state court in Utah to the Eastern District of Missouri clearly improper. *See Dickerson Enterprises, Inc. v. M.R.P.I. Corp.*, 2012 WL 3113913, at *2 (N.D. Iowa July 31, 2012) (holding that the defendant improperly removed case from Kansas state court to Iowa federal court and remanding to Kansas); *Peterson v. BMI Refractories,* 124 F.3d 1386, 1391 (11th Cir. 1997) (case was removed to the wrong district where defendant "did *not* remove the case to the 'district and division embracing the place where such action is

2

pending'"); *Addison v. North Carolina Dept. of Crime and Public Safety,* 851 F. Supp. 214, (M.D.N.C. 1994) (defendants removed action to the wrong district court when they removed action to the Middle District of North Carolina "even though it was then pending in the state court within the boundaries of the Western District of North Carolina"); *Hoover v. Gershman Inv. Corp.,* 774 F. Supp. 60, 63 (D. Mass. 1991) (defendant could not remove a state court action to federal court in a district and division other than where the state court action was pending).

Because the removal was improper, the Court grants Plaintiff's motion to remand and orders this case remanded to the Third Judicial District Court of Salt Lake County, State of Utah. *See Craveonline Media, L.L.C.,* 2009 WL 3740737, at *1 (D. Ariz. Nov. 5, 2009) ("When a party removes a case to the improper district, that district court's appropriate response should be to remand the case back to the state court . . . ."); *Addison v. North Carolina Dep't of Crime and Public Safety,* 851 F. Supp. 214, 217–18 (M.D.N.C.1994) (remanding case removed to the wrong district).

## II.     **Attorney Fees**

Plaintiff seeks an award of costs and attorney fees incurred as a result of Defendant's improper removal. Doc. [8] at 4-5. "An order remanding a case to state court may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, . . . the court must consider the merits of removal at the time of removal, irrespective of the ultimate remand." *Id.* (quoting *Diaz v. Cameron Cnty.*, 300 Fed. App'x 280, 281 (5th Cir. 2008)).

Defendant's removal of this case from Utah state court to the Eastern District of Missouri clearly violates § 1441(a) and was in no way objectively reasonable. Courts in the Eighth Circuit and elsewhere have found that a removal was objectively unreasonable where a party removed the case to the wrong federal district court. *See, e.g.*, *Marlin Bus. Bank v. Halland Companies, LLC*, 18 F. Supp. 3d 239, 242 (E.D.N.Y. 2014); *Dickerson*, 2012 WL 3113913, at *2; *Maysey v. CraveOnline Media, LLC*, 2009 WL 3740737, at *4 (D. Ariz. Nov. 5, 2009); *see also Cardona v.*

3

*Mohabir*, 2014 WL 1804793 (S.D.N.Y. May 6, 2014) (sanctioning attorney based on removal to wrong district). If the parties cannot agree on the amount to be reimbursed by January 5, 2024, Plaintiff should file with this Court by January 12, 2024, an affidavit and supporting material to establish the amount of costs, including attorneys' fees, incurred as a result of the improper removal.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand, Doc. [8], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Third Judicial District Court of Salt Lake County in the State of Utah.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c) is **GRANTED**. If the parties cannot agree on the amount to be reimbursed **by January 5, 2024**, Plaintiff should file with this Court **no later than January 12, 2024**, an affidavit and supporting material to establish the amount of costs, including attorneys' fees, incurred as a result of the improper removal.

**IT IS FINALLY ORDERED** that all other outstanding motions in this matter are **DENIED** as moot.

An appropriate Order of Remand will be entered on this date.

Dated this 22nd day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it retains jurisdiction to award costs following this Order. *See Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 482-83 (8th Cir. 2015); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (district court retained jurisdiction after remand to entertain motion for attorneys' fees because "[t]he award of fees pursuant to section 1447(c) is collateral to the decision to remand"); *Coward v. AC & S., Inc.*, 91 F. App'x 919, 921-22 (5th Cir. 2004) (collecting cases).